UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| John Doe, | Case No. 19-cv-1878 (MJD/LIB) |
| Plaintiff, | |
| v. | **ORDER** |
| Carleton College, | |
| Defendant. | |

This matter comes before the undersigned United States Magistrate Judge pursuant to a general assignment made in accordance with the provisions of 28 U.S.C. § 636, upon Plaintiff John Doe's ("Plaintiff") Motion to Allow Plaintiff to Proceed Using a Pseudonym. [Docket No. 2]. Following a Motions Hearing, the Court took Plaintiff's Motion, [Docket No. 2], under advisement. (Minutes [Docket No. 22]).

For the reasons discussed herein, Plaintiff's Motion to Allow Plaintiff to Proceed Using a Pseudonym, [Docket No. 2], is **DENIED**.

**I.      Background**

Plaintiff initiated the present case against Defendant Carleton College on July 17, 2019, by filing his Complaint. [Docket No. 1]. The allegations in Plaintiff's Complaint arise out of Plaintiff's expulsion by Defendant after Plaintiff was accused of sexual misconduct by Jane Doe, a fellow student, and Defendant found that Plaintiff had violated Defendant's sexual misconduct policy. (Compl. [Docket No. 1]). Plaintiff alleges that Defendant conducted its investigation of the alleged sexual misconduct in a manner which prejudiced Plaintiff's rights and discriminated against him based on his gender. (See, Id.).

Plaintiff's Complaint alleges in great detail the events and circumstances surrounding his interactions with Jane Doe, including the details leading up to and encompassing their sexual encounter, as well as, the details regarding the subsequent investigation into the alleged sexual misconduct and the findings of that investigation. (See, Id. at ¶¶ 35–209).

## II. Plaintiff's Motion to Allow Plaintiff to Proceed Using A Pseudonym. [Docket No. 2].

Plaintiff's present Motion, [Docket No. 2], seeks an Order of this Court permitting him to prosecute this case through the use of the pseudonym, John Doe. (See, Plf.'s Mot. [Docket No. 2]).

### A. Standard of Review

Federal Rule of Civil Procedure 10(a) requires pleadings to contain the names of all parties. This requirement creates a presumption in favor of publicly identifying litigants under their true names rather than proceeding pseudonymously. See, Fed. R. Civ. P. 10(a); Luckett v. Beaudet, 21 F. Supp. 2d 1029, 1029, (D. Minn. 1998). However, there are exceptions to Rule 10(a), as well as, countervailing considerations which can overcome the presumption in favor of publicly identifying litigants. See, In re Ashley Madison Customer Data Security Breach Litig., MDL No. 2669, 2016 WL 1366616, at *3 (E.D. Mo. Ap. 6, 2016). For example, in cases where the injury being litigated against would itself be incurred as a result of the identification of the plaintiff, the presumption in favor of publicly identifying litigants may sometimes give way to a plaintiff's privacy interest. See, Doe v. University of St. Thomas, 2016 WL 9307609, at *1–4 (D. Minn. May 25, 2016).

### B. Analysis

Plaintiff's request to proceed pseudonymously implicates a balancing of public and private interest. The procedures surrounding the Defendant's sexual misconduct investigation underlying the claims in this case are of the same type which are presently subject to significant

2

national debate, and they are of importance to the public, as well as, the higher education community. See, Doe, 2016 WL 9307609, at *1–4. Lawsuits similar to the present action are being filed across the nation, and they are the basis for a legal and policy debate regarding what procedures ought to be required for investigating allegations of sexual misconduct on campus; such as the sexual misconduct investigation underlying the present Complaint. See, Id. Therefore, in resolving the present Motion, the Court must balance the Plaintiff's request for anonymity against the public's right to meaningfully access and assess this Court's judicial records.

In the present case, Plaintiff asserts that "the balancing test falls in favor of allowing [him] to proceed under an assumed name." (Plf.'s Mem., [Docket No. 3], at 3). In support of his assertion, Plaintiff argues his Motion should be granted because he "was wrongfully accused"; he "is taking action to clear his name after a biased and unfair investigation"; "he is addressing matters that are highly personal in nature and which will subject him . . . to embarrassment if he is required to proceed under his true name"; and "[t]he allegations against [him] are highly personal and the sort of allegations that have a high likelihood of causing him irreparable harm for the rest of his life." (Plf.'s Mem., [Docket No. 3], at 3). Thus, Plaintiff concludes "[r]equiring [him] to proceed under his true name in this matter will only cause the embarrassment and harm to Plaintiff's name and reputation that has already occurred to be increased exponentially as he fights to clear his name." (Id.).

Plaintiff's argument does not acknowledge the fact that he has previously been publicly identified through several media outlets, and he has been specifically identified in the media by his true name as the plaintiff in the present action. Although the arguments in Plaintiff's written memorandum fail to account for the fact that his true name as Plaintiff in the present action is already known to the public, at the Motions Hearing, Plaintiff's counsel acknowledged that

Plaintiff had been publicly identified by his true name in the media as having had criminal charges raised against him related to the alleged sexual misconduct underlying the present case. His counsel further acknowledged that Plaintiff has been publicly identified as Plaintiff in the present action. (September 23, 2019, Motions Hearing, Digital Record at 1:35–1:50).

Despite these acknowledgments, Plaintiff maintains that because he has now expunged the criminal charges from his record, the proverbial "cat is <u>back</u> in the bag." (<u>See</u>, <u>Id.</u>) (emphasis added).[1] Essentially, Plaintiff argues that because he has expunged the criminal charges from his record (meaning the public can arguably no longer learn his identity through a public records check) and because hypothetically the passage of time will diminish the readily availableness of the public's access to his identification in the media via the internet, he has put the proverbial "cat <u>back</u> in the bag." (<u>See</u>, September 23, 2019, Motions Hearing, Digital Record at 1:35–1:50) (emphasis added).

The Court is not persuaded by Plaintiff's argument here. Despite Plaintiff's expungement of the criminal charges from his record, Plaintiff's identity is already known by members of the public, and through the various media outlets and internet as discussed, his identity remains readily available to the public in connection with the present action, as well as, in connection with the alleged sexual misconduct underlying the present action. Defendant identified eight media articles which describe Plaintiff by his true name as the person against whom criminal charges were raised in connection with the incident underlying the present action, and several of those articles provide factual details regarding the incidents underlying the present civil action. (Exhibit 1 [Docket No. 11-1]). Defendant further identified seven articles which specifically

---

[1] In his memorandum in support of the present Motion, Plaintiff asserted that he intended to have the criminal charges expunged from his record. At the Motions Hearing, Plaintiff's counsel asserted that it was his understanding that Plaintiff had, at that point, succeeded in having the charges expunged from his record; however, Plaintiff's counsel was unable to offer any evidence in support of that belief. Regardless, for the purposes of the present Motion, the Court will assume Plaintiff has succeeded in having the criminal charges expunged from his record.

4

name Plaintiff by his true name as Plaintiff in the present matter; many of these articles again provide a factual description of the prior alleged sexual misconduct incidents underlying the present action. (Exhibit 2 [Docket No. 2]). In addition to these examples provided by Defendant, Plaintiff's counsel acknowledged that the articles Defendant highlighted represent only a portion of the myriad of other articles available which identify Plaintiff as the person against whom criminal charges were raised in connection with the alleged sexual misconduct underlying the present action, as well as, additional articles which identify him by his true name as Plaintiff in the present matter.

Other than the mere assertions of his counsel, Plaintiff cannot demonstrate any meaningful basis for his argument that time will diminish the availability of his true identity and his connection to the present action in various media outlets. Regardless of the self-described expungement of the criminal charges from his record, Plaintiff is still very much publicly identified by his true name as the plaintiff in the present civil matter. Several of those articles which identify Plaintiff as the person bringing the present action in fact contain quoted excerpts from Plaintiff's very own Complaint. [Docket No. 1].

If the Court were to permit Plaintiff to proceed using a pseudonym, it would do little, if any, good to protect his identification as Plaintiff in the present case here because his true identity as Plaintiff in this case is currently readily available to the public through several media outlets. Moreover, to permit Plaintiff to proceeds using a pseudonym would do little, if any, good in limiting Plaintiff's connection to the sexual misconduct allegations underlying the present action as several of the articles available to the public provide factual context for the criminal charges previously raised against Plaintiff. Given this already and widely available public information, Plaintiff's privacy interest in proceeding pseudonymously, if such an interest can even be said to still exist, is greatly diminished.

5

At the Motions Hearing, Plaintiff's counsel made passing references to several cases from outside this District in support of his contention that Plaintiff should be permitted to proceed using a pseudonym because, according to Plaintiff's counsel, other, similar cases had permitted plaintiffs to do so. In an improperly filed reply memorandum,[2] Plaintiff's counsel listed twenty-four cases in support of his contention that a "review of more factually similar and recent cases shows that such cases are frequently litigated pseudonymously." (Plf.'s Mem., [Docket No. 15], at 2–3). The Court finds Plaintiff's reliance on the cases to be misplaced.

Each of the cases from other Districts which Plaintiff referenced is materially distinguishable from the present action. Unlike Plaintiff in the present action, the plaintiff's identity was previously unknown to the public in each of the referenced case. The referenced cases lack any indication that any plaintiff's identity was previously known to the public but proceeding pseudonymously was allowed nonetheless. As already discussed, the present Plaintiff's identity is readily and widely available to the public, and he has already been specifically and publicly identified by his true name as Plaintiff in the present action.

The Court also notes that the cases cited by Plaintiff lack any discussion of why the respective plaintiffs were permitted to proceed under a pseudonym. Instead, the case Plaintiff's counsel cited from various Courts outside this District discuss the underlying merits of the respective plaintiff's claims. Those opinions simply referred to the plaintiffs pseudonymously without any discussion as to why the Court permitted the exception to Rule 10(a).

At the Motions Hearing, Plaintiff's counsel also made passing reference to cases from this District which he believes support granting Plaintiff's Motion. (See, September 23, 2019,

---

[2] Local Rule 7.1(b) does not permit the filing of a reply memorandum in support of a nondispositive motion, such as Plaintiff's present Motion. The Court does not discuss Plaintiff's improperly filed reply brief to encourage the filing of such improper briefs; rather, the Court considers Plaintiff's improperly filed brief only to provide context and citation to Plaintiff's counsel oral arguments at the September 23, 2019, Motions Hearing.

Motions Hearing, Digital Record at 1:35–1:50) (referencing Doe v. University of St. Thomas, No. 16-cv-1127 (ADM/KMM), 2016 WL 9307609 (D. Minn. May 25, 2016)).

Similar to the present case, Doe v. University of St. Thomas involved a male college student who, after being found responsible by the defendant university for alleged sexual misconduct was suspended, brought suit against the school alleging, among other things, several violations of the Title IX. See, Doe v. Univ. of St. Thomas, 240 F. Supp. 3d 984, 988 (D. Minn. 2017). Plaintiff there moved for, and was granted, permission to proceed under a pseudonym. In granting that permission to proceed pseudonymously, the St. Thomas Court reasoned that if that plaintiff were identified at that time, the injury against which he was litigating could be inadvertently incurred before the outcome of his case was known, and his identification at that point in time could have resulted in furthering the exact harm he was attempting to resolve in his case. Doe v. University of St. Thomas, 2016 WL 9307609, at *1–4 (D. Minn. May 25, 2016). If that were to occur, the St. Thomas Court reasoned plaintiff would not have been able to obtain complete relief, even if he were to ultimately prevail in his case because "forcing Mr. Doe to proceed under his true name would guarantee a permanent label as a sexual offender, discoverable with a simple Google search; that is arguably worse than the reputational harm he complains of" in his litigation. Doe v. University of St. Thomas, 2016 WL 9307609, at *2 (D. Minn. May 25, 2016).

However, despite Plaintiff's counsel's reliance on Doe v. University of St. Thomas, 2016 WL 9307609 (D. Minn. May 25, 2016), the application of the reasoning of that case to the circumstances of the present case does not support Plaintiff's contention that his present Motion to proceed pseudonymously should be granted. In the St. Thomas case the plaintiff's identity was then still unknown to the public, and the Court reasoned that revealing his identity to the public could cause the exact harm he sought to prevent. However, in the present case, has previously

laid out above, Plaintiff's identity here is <u>known</u> to the public, and regardless of the outcome of the present Motion, Plaintiff identity, as the person against whom criminal charges were raised regarding the alleged on campus sexual misconduct and his publicly known identity as the plaintiff in the present action, is already known and will remain known to the public. That information about the Plaintiff in the present case also remains readily available to the public through various media outlets.

In cases more analogous to the circumstance of the present case, Courts have reluctantly not allowed parties to proceed under a pseudonym where their identity was already publicly known or otherwise widely discernible because, in such instances, the benefit of proceeding under a pseudonym has already been defeated. For example, in <u>Doe v. Shakur</u>, 164 F.R.D. 359 (S.D.N.Y. 1996), for example, the plaintiff was the victim of a "brutal sexual assault." <u>Id.</u> at 361. The Court, while noting that public embarrassment is not enough on its own to allow a party to proceed anonymously, found that there was evidence that the press was already aware of plaintiff's identity, residence, and place of employment. <u>Id.</u> at 362. Thus, the Court held that the plaintiff was not entitled to proceed under a pseudonym because her true identity was already widely discernible by the public. <u>Id.</u>

Similarly, in <u>Doe v. University of Rhode Island</u>, the plaintiff, a former student of the defendant university, alleged that she was sexually assaulted as a result of the negligence of the defendants. <u>Doe v. University of Rhode Island</u>, 28 Fed. R. Serv. 3d 366 (D.R.I. 1993). At the time of the suit, plaintiff was a student at a different school, and she sought to sue anonymously to avoid the social stigma associated with being a victim of sexual assault, and risk of harassment or ostracism at her new school. <u>Id.</u> While the Court noted that plaintiff might be subject to "some personal embarrassment and perhaps ridicule," the Court denied her request to proceed under a

pseudonym because her identity was well known to students at the defendant University of Rhode Island, and that she had been publicly named in a related case. Id.

As illustrated by these examples, Courts consistently deny a party's request to proceed under a pseudonym where that person's identity has in fact already been made public or is otherwise readily discernible. See, e.g., Doe v. Word of Life Fellowship, Inc., No. 11-40077-TSH, 2011 WL 2968912, at *3 (D. Mass. July 18, 2011) (denying a party's motion to proceed pseudonymously based on a finding that the moving party's identity was already public knowledge); Mateer v. Ross, Suchoff, Egert, Hankin Maidenbaum & Mazel, P.C., 1997 WL 171011 (S.D.N.Y. Apr. 10, 1997) (denying motion to proceed under a pseudonym where moving party's name was publicly available in concurrent litigation); Doe v. Shakur, 164 F.R.D. 359 (S.D.N.Y. 1996); Doe v. University of Rhode Island, 28 Fed. R. Serv. 3d 366 (D.R.I. 1993). The Court finds persuasive the rationale of these more analogous cases.

There is no circumstance under which this Court could prevent the public from being aware of Plaintiff's identity or his connection to the circumstances giving rise to this case—even if Plaintiff is ultimately completely successful in the present action—because the public is already aware of Plaintiff's identity, and that information will remain readily available to the public. Accordingly, the Court finds unpersuasive Plaintiff contention that Doe v. University of St. Thomas, 2016 WL 9307609 (D. Minn. May 25, 2016), is analogous to the present case and warrants permitting Plaintiff to proceed under a pseudonym in the present action.

As the Honorable Katherine Menendez, Magistrate Judge for the United States District Courts, District of Minnesota, observed in Doe v. University of St. Thomas, "whether students should be allowed to sue over their schools' sexual assault policies using a pseudonym does not admit of a universal answer"; rather "[t]he question is left to the discretion of the Court to balance the many competing factors in individual cases, and courts around the country have

struck that balancing differently." Doe v. University of St. Thomas, 2016 WL 9307609, at *4 (D. Minn. May 25, 2016) (citing Doe v. Temple Univ., 2014 WL 4375613, at *2 (E.D. Pa. Sept. 3, 2014) (denying motion to proceed using a pseudonym)).

Therefore, after balancing the relevant factors in light of the circumstances before the Court in the present case, Plaintiff's Motion to Allow Plaintiff to Proceed Using a Pseudonym, [Docket No. 2], is **DENIED**. As soon as practicable and in any event no later than November 1, 2019, Plaintiff shall file an Amended Complaint identifying himself by his true name without the use of the John Doe pseudonym.[3]

### III. Conclusion

For the foregoing reasons, and based on all of the files, records, and proceedings herein,

**IT IS HEREBY ORDERED THAT:**

1. Plaintiff's Motion to Allow Plaintiff to Proceed Using a Pseudonym, [Docket No. 2], is **DENIED**; and

2. As soon as practicable and in any event no later than November 1, 2019, Plaintiff shall file an Amended Complaint identifying himself by his true name without the use of the John Doe pseudonym.

Dated: October 25, 2019        s/Leo I. Brisbois
                               Hon. Leo I. Brisbois
                               U.S. MAGISTRATE JUDGE

---

[3] This Amended Complaint ought contain no other alterations. See, Fed. R. Civ. P. 15(a).