UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Taariq Vanegas,

    Plaintiff,

v.                                 **MEMORANDUM OPINION AND ORDER**
                                    Civil No. 19-1878 (MJD/LIB)

Carleton College,

    Defendant.

---

    Beau D. McGraw, McGraw Law Firm, P.A., Counsel for Plaintiff.

    Sara Lewenstein and Sean R. Somermeyer, Faegre Drinker Biddle & Reath LLP, Counsel for Defendant.

---

    This matter is before the Court on the Report and Recommendation of Magistrate Judge Leo Brisbois dated February 10, 2020, recommending the Court grant in part and deny in part Defendant Carleton College's ("Carleton") motion to dismiss Plaintiff's Complaint.

    Carleton has filed an objection to the Report and Recommendation. Plaintiff has not filed a response or objection to the Report and Recommendation.

**I.     Background**

For a full recitation of the facts, the Court refers to the Report and Recommendation.  Briefly, during the 2017 spring semester, Plaintiff was a student at Carleton and was found in violation of the school's sexual misconduct policy.  Following an investigation into the charges and after a hearing before the Community Board of Sexual Misconduct ("CBSM"), the CBSM found that Plaintiff was responsible for committing sexual misconduct, and ultimately, the decision was made to expel Plaintiff permanently.

Plaintiff brought this action alleging five causes of action: Declaratory Judgment that Carleton's disciplinary process violated Title IX and regulations thereunder; a claim under Title IX for erroneous outcome from a flawed proceeding; negligence, a claim under Title VI; and a claim under the Minnesota Human Rights Act alleging Plaintiff was subjected to harassment, discrimination and disparate treatment on the basis of race.

Carleton moved to dismiss all counts, and the motion was referred to Magistrate Judge Brisbois.  Magistrate Judge Brisbois has recommended that the motion be granted in all respects except for one narrow negligence claim.  Carleton objects to the recommendation that the negligence claim proceed.

## II.   Carlton's Objection

In his Complaint, Plaintiff alleged that Carleton breached three duties owed to Plaintiff: breach of duty of reasonable care by implementing its Sexual Misconduct Policy in a biased manner and failing to have a fair and neutral fact-finder; breach of duty of reasonable care because the procedures provided for in the Sexual Misconduct Policy were deficient; and breach of duty of reasonable care because Carleton's implementation of the Sexual Misconduct Policy was deficient in several ways.  Magistrate Judge Brisbois recommended that the first two bases be dismissed without prejudice but found that the last basis – implementation of the Sexual Misconduct Policy – had been sufficiently alleged.

In finding the negligence claim could proceed, Magistrate Judge Brisbois noted that in Doe v. Univ. of St. Thomas, 368 F. Supp.3d 1309 (D. Minn. 2019) (Tunheim C.J.) the district court recognized that under Minnesota law, private universities owe a duty of reasonable care in making disciplinary decisions based on student misconduct.  Magistrate Judge Brisbois further noted the Univ. of St. Thomas decision was persuasive, if not controlling.

Carleton objects, and notes that the Univ. of St. Thomas case is currently on appeal.  Carleton argues that the Univ. of St. Thomas decision is a break from

forty years of settled case law in Minnesota regarding the duty a private college owes its students in disciplinary matters. In <u>Abbariao v. Hamline Univ. Sch. of Law</u>, the Minnesota Supreme Court held that a private college only owes a duty not to expel students for academic deficiencies arbitrarily. 258 N.W.2d 108, 112 (Minn. 1977). Carleton argues this decision remains good law. Carleton further argues that the court in <u>Univ. of St. Thomas</u> nonetheless recognized a new duty of care: that private colleges must act with reasonable care in student disciplinary matters.

> In Minnesota, a defendant owes "a general duty of reasonable care when the defendant's own conduct creates a foreseeable risk of injury to a foreseeable plaintiff." While this overarching concept is well-established, courts in Minnesota have not yet applied it in the context of a challenge to a sexual assault investigation by a private college or university. More broadly, using negligence to challenge such investigations is a relatively new and untested legal strategy in Minnesota. As such, the Minnesota Supreme Court has not been asked to address the precise issues presented in this case. Nevertheless, the Court finds guidance in analogous Minnesota Supreme Court and Court of Appeals cases.

<u>Univ. of St. Thomas</u>, 368 F. Supp.3d at 1316 (citation omitted). The court first discussed the <u>Abbariao</u> decision, which recognized that "[t]he requirements imposed by the common law on private universities parallel those imposed by the due process clause on public universities." <u>Id.</u> The court then noted that the Minnesota Court of Appeals extended this reasoning in <u>Rollins v. Cardinal</u>

4

Stritch Univ., 626 N.W.2d 464 (Minn. Ct. App. 2001) that involved a student expelled for sending unwanted emails - holding that the "common law imposes a duty on the part of private universities not to expel students in an arbitrary manner." Id.

While recognizing that universities have discretion in dealing with students, unfettered discretion is not appropriate, given the broad impact a discipline may have on a student. Id. at 1318.

> The issue, therefore, is not whether universities have the **ability** to discipline their students in ways that give rise to severe consequences. Instead, given the harm that can come from that discipline, and given the unique relationship between student and university, the question is whether a private university must use reasonable care before making disciplinary decisions. The Court today holds that they must.

Id.

Pursuant to statute, the Court has conducted a de novo review of the record and has carefully reviewed Carleton's objections. 28 U.S.C. § 636(b)(1); Local Rule 72.2(b). Based on that review, this Court also finds persuasive the reasoning set forth in the Univ. of St. Thomas decision and finds that under Minnesota law, a private university must use reasonable care before making disciplinary decisions. Accordingly, the Court adopts the Report and Recommendation in its entirety.

IT IS HEREBY ORDERED that:

1. Defendant's Motion to Dismiss Plaintiff's Complaint [Doc. No. 17] is **GRANTED** in part and **DENIED** in part as follows: Count I is **DISMISSED WITH PREJUDICE**; Count II is **DISMISSED WITHOUT PREJUDICE**; Count III is **DISMISSED WITHOUT PREJUDICE** as to his claims that Defendant was negligent by implementing its Sexual Misconduct Policy in a biased manner and that Defendant was negligent in creating the content and procedures of its Sexual Misconduct Policy; but that Defendant's Motion is **DENIED** as to Plaintiff's claim that Defendant was negligent in the timing of the investigation and the failure to include or consider some evidence favorable to Plaintiff in implementing its Sexual Misconduct Policy in this case; Count IV is **DISMISSED WITHOUT PREJUDICE** and Count V is **DISMISSED WITHOUT PREJUDICE**.

Date: May 1, 2020

s/ Michael J. Davis
Michael J. Davis
United States District Court