# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| Taariq Vanegas,<br><br>               Plaintiff,<br><br>vs.<br><br>Carleton College,<br><br>               Defendant. | Case No. 19-cv-01878-MJD-LIB<br><br>**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR RECONSIDERATION OF THE COURT'S PARTIAL DENIAL OF ITS MOTION TO DISMISS** |

## INTRODUCTION

In its ruling on Defendant Carleton College's Motion to Dismiss, the Court found that Plaintiff Taariq Vanegas narrowly stated a negligence claim by alleging Carleton failed to act with reasonable care in an investigation and disciplinary proceeding that resulted in his expulsion for having sex with a fellow student, Jane Doe, who "compelling video evidence" showed was "clearly incapacitated" at the time. ECF No. 37; ECF No. 28 ("Am. Compl.") Ex. 12 at 1.

Thereafter, on August 28, 2020, the Eighth Circuit Court of Appeals held that the proper question in a case like this one, involving a non-academic expulsion, is not whether the college acted with <u>reasonable care</u>, but whether the college acted <u>arbitrarily</u>. *Doe v. Univ. of St. Thomas*, No. 19-1594, 2020 WL 5079334, at *3 (8th Cir. Aug. 28, 2020).

On the facts alleged in Plaintiff's Amended Complaint, Carleton's decision was not arbitrary. Far from it. After Jane Doe filed a sexual misconduct complaint against Plaintiff, the Amended Complaint itself alleges that Carleton:

- Interviewed over a dozen witnesses, gathered documents and electronic messages, and reviewed surveillance video (*Id.* ¶¶ 159-62, Ex. 9);

- Prepared a 15-page investigation report, which Plaintiff reviewed and responded to with his side of the story (*Id.* ¶ 185, Ex. 9 at 4-5);

- Charged Plaintiff with violating Carleton's sexual-misconduct policy by having sex with an incapacitated person who could not consent (*Id.* ¶ 183, Ex. 8 at 1);

- Notified Plaintiff that the charge would be heard and decided by a panel at a live hearing and gave him the opportunity to object to the individuals who would serve on that panel (*Id.* ¶ 184, Ex. 8 at 1);

- Held a hearing where Plaintiff presented his version of events, heard Ms. Doe's statements, and had the opportunity to respond to the information presented (*Id.* at ¶¶ 194-199);

- Reviewed and considered Plaintiff's lengthy appeal (*Id.* ¶¶ 204-205, 209, Ex. 11);

- Allowed Plaintiff to participate in this process with the assistance of an attorney (*Id.* ¶¶ 160, 190).

This Court's earlier decision to allow a portion of Plaintiff's negligence claim to proceed under a "reasonable care" analysis (ECF No. 32 at 21-22 (the "R&R")) is foreclosed by the Eighth Circuit's subsequent decision in *St. Thomas*. In light of this intervening change in the law, Carleton respectfully requests the Court reconsider its denial of Carleton's Motion to Dismiss as to Plaintiff's negligence claim and dismiss Plaintiff's Amended Complaint in its entirety.[1]

---

[1]    Plaintiff's negligence claim is the only claim that survived Carleton's motion to dismiss. ECF No. 37 at 6.

2

### BACKGROUND[2]

**A.     Plaintiff's Claims and Carleton's Motion to Dismiss.**

Plaintiff commenced this lawsuit asserting five causes of action against Carleton including sex discrimination, race discrimination, and negligence. *See* ECF No. 1 ¶¶ 210-248.[3] Carleton moved to dismiss all of Plaintiff's claims under Fed. R. Civ. P. 12(b)(6). ECF No. 17.

**B.     Magistrate Judge Brisbois Found Plaintiff Narrowly Alleged Breach of a Duty of Reasonable Care.**

Carleton's motion was referred to Magistrate Judge Brisbois. ECF No. 23. Magistrate Judge Brisbois recommended dismissal of Plaintiff's sex and race discrimination claims in their entirety. R&R at 28-29.

Magistrate Judge Brisbois allowed Plaintiff's negligence claim to proceed in part. The Magistrate Judge divided Plaintiff's allegations of negligence into three categories: (1) bias; (2) deficiencies in the sexual misconduct process; and (3) failure to reasonably implement the sexual misconduct policy. *Id.* at 18. He found that Plaintiff failed to

---

[2]     Carleton takes the well-pleaded allegations in Plaintiff's Amended Complaint as true only for purposes of this motion. *See, e.g.*, *McAuley v. Fed. Ins. Co.*, 500 F.3d 784, 787 (8th Cir. 2007). This presumption does not extend to conclusory allegations or "legal conclusion[s] couched as . . . factual allegation[s]." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[3]     Plaintiff commenced this action under a pseudonym. ECF No. 1. After his motion to proceed under a pseudonym was denied, Plaintiff filed an Amended Complaint with his true name. ECF Nos. 27, 28. Aside from the name change, the allegations in Plaintiff's Amended Complaint are the same as those in his original Complaint. R&R at 9 fn. 2.

US.129417857.03

plausibly allege that anyone at Carleton was biased against him or that the procedures provided in Carleton's sexual-misconduct policy were deficient. *Id.* at 19-22.

But the Magistrate Judge concluded that Plaintiff narrowly pleaded that Carleton failed to act with "reasonable care" in the sexual misconduct process based on certain allegations in the Amended Complaint that Carleton conducted a "rushed" investigation and failed to consider allegedly relevant social media and audio-visual evidence. *See id.* at 24. In so holding, the Magistrate Judge found Chief Judge Tunheim's decision in *Doe v. Univ. of St. Thomas*, 240 F. Supp. 3d 984 (D. Minn. 2017) "to be persuasive, if not controlling, authority." R&R at 18.

Magistrate Judge Brisbois relied on a handful of non-conclusory factual allegations to support the claim that Carleton acted without reasonable care.[4] Plaintiff alleged both that Carleton "engaged in a series of rushed actions that ultimately resulted in the erroneous finding that Plaintiff committed sexual assault" and also that Carleton failed to consider "relevant favorable evidence."

Plaintiff's conclusory assertion that Carleton rushed its investigation was supported by his allegation that Title IX coordinator Amy Sillanpa told Plaintiff "that the [disciplinary] process had to be 'wrapped up prior to the end of the term.'" R&R at 23 *citing* Am. Compl. ¶ 224.

---

[4]     For purposes of this motion, Carleton will focus primarily on the factual allegations the Court previously found sufficient to state a claim that Carleton acted without reasonable care. For a more fulsome discussion of the facts alleged in Plaintiff's Amended Complaint, Carleton refers the Court to its memorandum of law in support of its motion to dismiss. ECF No. 19 at 3-12.

His claim that "relevant favorable evidence" was not included by the investigator or considered by the decision-making panel was supported by factual allegations that: (1) certain Facebook discussions involving Jane Doe's decision to report sexual misconduct "were never submitted as evidence"; (2) "only partial copies of GroupMe text messages" provided by Jane Doe were included in the investigation report; and (3) certain audio and video evidence that showed Jane Doe's physical state while waiting for an ambulance and her interactions with campus security "was not considered." R&R at 23 *citing* Am. Compl. ¶¶ 147-48, 178, 187-88, 224.

Acknowledging that even under a reasonable-care standard a disciplinary proceeding is not required to be flawless, Magistrate Judge Brisbois nonetheless determined that "the unreasonable failure to conduct a thorough investigation and/or the unreasonable failure to consider relevant evidence may in some circumstances amount to a breach of a university's duty of reasonable care." R&R at 24 (*citing St. Thomas*, 240 F. Supp. 3d at 995). Therefore, he recommended Carleton's motion to dismiss be denied as to Plaintiff's claim that Carleton was negligent in "the timing of its investigation" and the alleged "failure to include or consider some evidence favorable to Plaintiff . . . ." R&R at 28-29. Magistrate Judge Brisbois recommended granting the motion in all other respects. *Id.*

**C.  Applying the "Reasonable Care" Standard, The District Court Adopted the R&R in its Entirety.**

Carleton objected to the R&R on the grounds that arbitrariness, not reasonable care, was the proper standard. ECF No. 34. In reviewing Carleton's objection, this Court

5

found "persuasive the reasoning set forth in the *Univ. of St. Thomas* decision" and applied the reasonable-care standard. ECF No. 37 at 5. The Court adopted the R&R in its entirety. *Id.*

**D.    The Eighth Circuit Holds Disciplinary Decisions of Private Colleges are Reviewed Under an Arbitrary Standard.**

*St. Thomas* was on appeal to the Eighth Circuit during briefing and the Court's decision on Carleton's Motion to Dismiss. On August 28, 2020, the Eighth Circuit affirmed the district court's grant of summary judgment in *St. Thomas* but rejected its reasoning, holding that the disciplinary decisions of private colleges and universities in Minnesota are reviewed not for reasonable care, but under an "arbitrary, capricious, or bad-faith standard." *St. Thomas,* 2020 WL 5079334, at *3.

Applying this standard, the Eighth Circuit found that the university in *St. Thomas* had not acted arbitrarily. Recognizing a presumption of honesty afforded to the university as a matter of law, the Eighth Circuit found that the plaintiff-student had presented no evidence "that the University was 'out to get [him],' or that University's proceedings were the product of will, instead of judgment." *Id.* (citation omitted). It further stated that two alleged deviations from university policy were insufficient to show arbitrariness, as was the plaintiff's claim that the university should have taken certain steps or allowed him to take actions that were not permitted under its policies. *Id.* at *3-*4, fn. 4, fn. 6.

**E.    The Court Grants Carleton Leave to File a Motion to Reconsider.**

Following the Eighth Circuit's decision in *St. Thomas*, Carleton requested and received permission to file the instant motion. *See* ECF Nos. 44, 45.

6

## ARGUMENT

**I.     Legal Standard.**

Reconsideration of a prior ruling is justified when there has been an intervening change in controlling law. *Gardner v. First Am. Title Ins. Co.*, 218 F.R.D. 216, 218 (D. Minn. 2003); *Grozdanich v. Leisure Hills Health Center, Inc.*, 48 F. Supp. 2d 885, 888 (D. Minn. 1999).

The Court is well-versed in the standard for dismissal under Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

**II.     Arbitrariness, Not Reasonable Care, is the Proper Standard.**

Following the Eighth Circuit's August 28, 2020 opinion in *Doe v. Univ. of St. Thomas*, to state a claim for negligence, Plaintiff must show Carleton acted arbitrarily in deciding to expel him. *St. Thomas*, 2020 WL 5079334, at *3. This is much higher standard than reasonable care and requires a plaintiff to allege conduct that is "capricious," "bad faith," "oppressive," that the college was "out to get [him]" or that its proceedings "were the product of will, instead of judgment." *Id.* at *3-*4.

7

The Eighth Circuit cited *Gleason v. Univ. of Minn.*, 104 Minn. 359 (1908), the precursor to *Abbariao v. Hamline Univ. Sch. of Law*, 258 N.W.2d 108 (Minn. 1977) as the basis for the arbitrary standard. *St. Thomas*, 2020 WL 5079334, at *3. *Gleason* instructs that arbitrariness can be found where a university acts: (1) without giving notice and an opportunity to be heard; (2) without gathering or considering evidence; and (3) with prejudice or ill-will. *Id.* at 360. *See also Rollins v. Cardinal Stritch Univ.*, 626 N.W.2d 464 (Minn. Ct. App. 2001) (finding university dismissal was not arbitrary where plaintiff-student was given notice of and reasons for his suspension and the opportunity to present at disciplinary hearing); *Schumacher v. Argosy Educ. Grp., Inc.*, No. CIV 05-531 DWF/AJB, 2006 WL 3511795 (D. Minn. Dec. 6, 2006) (finding plaintiff-student's dismissal was not arbitrary, capricious, or in bad faith where university gave plaintiff notice he had been referred to Student Evaluation Committee based on concerns regarding his attitudes and behaviors and gave plaintiff six months to develop and implement a plan to address committee's concerns); *see also Charles v. State of Minn. Dept. of Health*, No. A07-703, 2008 WL 2168270, at *4 (Minn. Ct. App. May 21, 2008) (stating under Minnesota law, "a decision is not arbitrary or capricious if the [entity], presented with opposing points of view, reaches a reasoned decision that rejects one point of view.") (citing *CUP Foods, Inc. v. City of Mpls.*, 633 N.W.2d 557, 565 (Minn. Ct. App. 2001)); *accord Keefe v. Adams*, 44 F. Supp. 3d 874, 886 (D. Minn. 2014) (explaining that to succeed on a substantive due process claim, a student would have to

US.129417857.03

demonstrate arbitrary and capricious conduct on the part of university officials by
showing that there was no rational basis for the university's decision).

## III.   Plaintiff Fails to State a Claim Because His Amended Complaint Does Not Allege Arbitrary Conduct by Carleton.

Applying the arbitrariness standard set forth in *St. Thomas*, as opposed to a
standard of reasonable care, Plaintiff fails to state a claim under Fed. R. Civ. P. 12(b)(6).

### A.   Plaintiff's Assertions That Carleton Investigated Jane Doe's Complaint and Provided Him Notice and a Hearing are Fatal to his Claim of Arbitrary Conduct.

Plaintiff's factual allegations do not plausibly allege arbitrary conduct. To the
contrary, they show the decision to expel Plaintiff was the result of a thorough, multi-step
process in which Carleton interviewed over a dozen witnesses (including Plaintiff and
Jane Doe) (Am. Compl. Ex. 9 at 1), gathered documentary and electronic evidence (*id.*),[5]
and gave Plaintiff (with the assistance of his attorney) multiple opportunities to tell his
story (*id.* ¶¶ 160-62), present evidence in support of it (*id.*), challenge the allegations
against him (*id.* ¶ 185), appear at a live hearing before a panel of decision-makers (*id.* at
Ex. 10), respond to the information presented there (*id.* at Ex. 8), and appeal the
disciplinary panel's decision (*id.* at Ex. 11; *see generally* ECF No. 19 at 3-12).

---

[5]     In the view of Plaintiff's own counsel (who also represented the plaintiff in *St. Thomas*), the fact that Carleton conducted any investigation is sufficient, by itself, to show it did not act arbitrarily. *See* Todd Nelson, *8th Circuit Sides with St. Thomas in Discipline Case*, MINNESOTA LAWYER, Sept. 17, 2020 (quoting Plaintiff's counsel as stating "arbitrary and capricious . . . means in my view essentially that if the school does anything to investigate the claims they can probably satisfy that standard.")

US.129417857.03

Compare this to *Gleason*, where the plaintiff-student was dismissed from the university pursuant to a resolution adopted by the Board of Regents. *Id.* at 360. After his dismissal, Gleason filed a writ of mandamus, demanding that the university reinstate him. *Id.* at 359. Gleason alleged that the dismissal resolution was adopted without notice to him and without providing him a hearing at an *ex parte* meeting where no evidence was taken. *Id.* at 363-64. Gleason further alleged that he had not violated any university rules and that the Board of Regents' actions and decision resulted from personal prejudice and ill-will toward him. *Id.* at 360. The Minnesota Supreme Court found that the university had acted arbitrarily. *Id.* at 363-64.

Also absent from Plaintiff's Amended Complaint are any allegations of bias or ill-will. In *Abbariao*, the plaintiff-student's claim that his expulsion was precipitated by a discriminatory grading procedure was sufficient to state a claim for arbitrary conduct. 258 N.W.2d at 112 (standing for the proposition that discrimination or bias can be evidence of an arbitrary decision); *see also St. Thomas*, 2020 WL 5079334, at *3-4 (analyzing whether plaintiff showed sufficient bias that would rise to the level of arbitrary conduct). But here, Magistrate Judge Brisbois already found that the Amended Complaint failed to plausibly allege any bias—on the basis of sex, race, or otherwise. *See* R&R at 15 ("Plaintiff has failed to plausibly allege that Defendant's proceedings were biased against <u>male</u> students.") (emphasis in original); *id.* at 27 ("Plaintiff has failed to raise <u>any</u> factual allegations indicating racial discrimination at Defendant college.") (emphasis in original); *id.* at 19 ("Plaintiff has not provided any facts suggesting that

those involved in his adjudication process were actually biased against him."). Thus, Plaintiff has failed to allege any bias that could support a claim of arbitrary conduct by Carleton.

**B.     The Specific Allegations that the Court Previously Found Sufficient to State a Claim for Failure to Meet the Duty of Reasonable Care are Insufficient to Allege Arbitrariness.**

The non-conclusory allegations that Magistrate Judge Brisbois found sufficient to state a claim under the reasonable-care standard do not rise to the level of arbitrariness. R&R at 23.

First, Plaintiff's claim that the sexual misconduct process was unreasonably rushed was based on a statement by Carleton's Title IX Coordinator that the disciplinary process had to be "wrapped up prior to the end of the term." R&R at 23; Am. Compl. ¶ 224. A single statement from a college administrator expressing desire to complete a disciplinary process before the end of an academic term is a far cry from "capricious," "bad faith" or "oppressive" conduct. *St. Thomas*, 2020 WL 5079334, at *3. This is even more apparent when considered alongside Plaintiff's myriad allegations regarding the detailed investigation and procedural steps that were taken prior to Carleton making the decision to expel him. *E.g.*, Am. Compl. ¶¶ 159-162, 183-185, 189-190, 194, 199, 203-204.

Second, Plaintiff's allegations that Carleton failed to consider certain evidence do not show arbitrariness. These assertions, tellingly written in passive voice, allege at best inaction by some unidentified person or persons—not the sort of capricious substitution

11

of "will, instead of judgment" that is required to show arbitrary decision-making. *E.g.*, Am. Compl. ¶¶ 147-148 (claiming certain Facebook discussions "were never submitted as evidence"); *id*. ¶¶ 187-88 (alleging only partial copies of GroupMe text messages were included in the Investigative Report and "were edited"); *id*. ¶ 178 (claiming certain audio and video evidence of Jane Doe's level of intoxication "had not been included in the Investigative Report"). Glaringly absent are any allegations that anyone at Carleton had access to the Facebook discussions or complete copies of the GroupMe messages and "never submitted," "[did] not consider" or "edited" such evidence deliberately, let alone willfully and motivated by bad-faith toward Plaintiff.

Even so, to act in a non-arbitrary manner does not mean that a private college must investigate and review any and possible evidence. *Accord Doe v. Univ. of Arkansas*, No. 19-1842, 2020 WL 5268514, at *8 (8th Cir., Sept. 4, 2020) (holding that "[d]ue process does not require fishing expeditions that could burden officials with immaterial investigative work."). Carleton's decision may have been arbitrary had it considered no evidence or denied Plaintiff the opportunity to submit evidence on his behalf. *See Gleason*, 104 Minn. at 360. But here, where Carleton not only interviewed 13 witnesses and reviewed documentary evidence—but gave Plaintiff the opportunity to review the evidence it gathered, respond to it, and provide evidence he wanted to have considered— he has failed to allege arbitrary conduct. *See also Chronopoulos v. Univ. of Minn.*, 520 N.W.2d 437 (Minn. Ct. App. 1994) (finding University tenure decision was not arbitrary where committee failed to directly inspect chart submitted by plaintiff).

12

The hallmarks of arbitrariness are a lack of notice, lack of a hearing, lack of any evidence or rational basis for the finding, and the presence of bias or ill-will. None of these things can be found in Plaintiff's Amended Complaint. Plaintiff may believe that Carleton's disciplinary decision was incorrect and that it should have come to a different conclusion—but that does not mean that Carleton was "out to get [him]" or that its decision was arbitrary. *St. Thomas*, 2020 WL 5079334, at *3; *see Brown v. Wells*, 181 N.W.2d 708, 711 (Minn. 1970) ("Where there is room for two opinions on the matter, such action is not 'arbitrary and capricious . . . .'"). Carleton's conclusion that Plaintiff should be expelled for having sex with Jane Doe—who was so drunk that she was taken to the hospital with a blood alcohol level of .24—was not "arbitrary, capricious, or bad faith." *St. Thomas*, 2020 WL 5079334, at *3 (Am. Compl. Ex. 9 at 3-4).

## CONCLUSION

Defendant respectfully asks the Court to reconsider its Order on Carleton's Motion to Dismiss and dismiss Plaintiff's Amended Complaint in its entirety and with prejudice.

FAEGRE DRINKER BIDDLE & REATH LLP

Dated:  September 23, 2020

*s/ Sean R. Somermeyer*
Sean R. Somermeyer, 391544
  *Sean.Somermeyer@FaegreBD.com*
Sara L. Lewenstein, 400160
  *Sara.Lewenstein@FaegreBD.com*
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN  55402
Telephone: (612) 766-7000

*Attorneys for Defendant Carleton College*

13