UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

_____

Taariq Venegas,

           Plaintiff,

vs.

Carleton College,

           Defendant,

_____

Case No. 19-cv-01878-MJD-LIB

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION FOR RECONSIDERATION**

## INTRODUCTION

Plaintiff served Defendant, Carlton College with a Summons and Complaint on July 17, 2019. Rather than interpose an answer, Defendant served and filed a motion to dismiss consistent with Rule 12(b)(6) of the Federal Rules of Civil Procedure, alleging that Plaintiff failed to properly state a claim for relief. The motion was heard by Federal Magistrate Judge Brisbois on December 9, 2019. The magistrate judge issued a report and recommendation on February 10, 2020. The report and recommendation recommended the dismissal of all counts with the exception of count III, which alleged that Defendant was negligent relative to implementation of its policies and procedures regarding sexual misconduct complaints. The magistrate judge relied upon *Doe v. University of St. Thomas*, 240 F. Supp. 3d (D. Minn. 2017), in reaching such a decision. That case was up on appeal before the 8th Circuit Court of Appeals at the time magistrate judge issued his report and recommendation.

1

Defendant filed timely objection to the report and recommendation of the magistrate judge and this Court adopted and, in some ways, went beyond the report and recommendations of the magistrate judge by concluding that fairness and impartiality requires adherence to some of the basic tenants of due process.

Thereafter, on August 28, 2020, the 8th Circuit Court of Appeals, by opining on an issue that was not properly before it, concluded that the district court went beyond Minnesota legal precedent by holding colleges investigating sexual misconduct cases should be held to a standard of reasonable care, requiring fairness and impartiality to both parties, instead, held that Minnesota law does not require fairness and impartiality, only that the colleges investigating matters of sexual assault do so in a way that is not arbitrary.

In response to the Eight Circuit's ruling, the Defendant, Carleton College has moved this Court to reconsider its prior ruling whereby Plaintiff's claim of negligence survived a motion to dismiss. This motion should be denied because, even applying what Plaintiff views as the incorrect and improper holding in the *St. Thomas* case, Plaintiff has sufficiently alleged facts to allow a fact finder to determine that Defendant acted arbitrarily in this matter.

## **ARGUMENT**

In reviewing a motion to dismiss brought under Rule 12(b)(6), the Court must consider all facts alleged in a complaint as true to determine whether a complaint states a claim for "relief that is plausible on its face." *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d

585, 594 (8th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)). This standard is met when, "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Here, the Plaintiff has stated a claim with facial plausibility because the Plaintiff has provided detailed assertions that are actionable under the law. The Plaintiff has properly stated a claim.

In determining negligence of disciplinary decisions of private colleges and universities in Minnesota the case is to be reviewed under an "arbitrary, capricious, or bad-faith standard." *St. Thomas,* 2020 WL 5079334, at *3. In *Gleason v. Univ. Of Minn,* 104 Minn. 359 (1908) the court indicated that arbitrariness can be found where a college or university acts: (1) without giving notice and an opportunity to be heard; (2) without gathering or considering evidence; and (3) with prejudice or ill-will. *Gleason v. Univ. Minn.*, 104 Minn. 359 (1908) at 360. In Abbariao v. Hamline Univ. Sch. of Law, 258 N.W.2d 108 (Minn. 1977), the Supreme Court of Minnesota endorsed a common-law duty on the part of a private university not to expel students in an arbitrary manner for academic deficiencies. The court furthered the common-law duty in *Rollins v. Cardinal Stritch Univ.,* 626 N.W.2d 464 (Minn. App. 2001) by applying this common-law duty to a private university when the university expelled a student for sending unsolicited emails. Here, the motion to dismiss should be denied because the Defendant had a common-law duty not to expel the Plaintiff in an arbitrary manner. Therefore, the motion to dismiss

should be denied as a result of the existence of a cause of action under which the Plaintiff can bring a claim.

**I.  THE PLAINTIFF HAS PRESENTED A CLAIM OF NEGLIGENCE THAT IS PLAUSIBLE ON ITS FACE BY SHOWING CARLETON ACTED IN AN ARBITRARY MANNER WHEN IT RUSHED THE INVESTIGATION INTO THE PLAINTIFF'S ALLEGED CONDUCT.**

> *i.  Carleton acted in an arbitrary manner when it rushed its investigation into the Plaintiff's alleged conduct by mishandling and concealing evidence*

The Defendant acted in an arbitrary manner when they rushed their investigation into the Plaintiff's alleged conduct by mishandling and concealing evidence. Arbitrariness can be found where a university or college acts without gathering or considering evidence. *Gleason* at 360. Mary Dunnewold, a sexual misconduct advisor/investigator who was involved in the school's investigation withheld critical information from the plaintiff and the hearing panel including statements made by security to herself, statements Jane Doe made to security, video footage that was available, statements made by the EMT, statements of the Area Director, Taylor Morgan and statements of the ER doctor attesting to Jane Doe's fully aware mental state. (Am. Compl. [Docket No. 28] ¶ 178). Additionally, "Plaintiff was not allowed to hear the recordings upon which Investigator Dunnewold's version of events were based" (Id. ¶ 186).

The Investigative Report presented to the Plaintiff contained partial evidence which included, partial text messages and omitted witness impeachment evidence that contradicted witness testimony. (Id. ¶¶ 187-88). The Defendant gathered this essential

4

evidence but failed to consider it, which, should be construed by the Court as failing to gather or consider evidence at all. It is arbitrary to collect relevant evidence but not consider it when coming to a conclusion. The Defendant acted in an arbitrary manner when it rushed its investigation into the Plaintiff's alleged conduct by mishandling and concealing evidence.

> ii. *Carleton acted in an arbitrary manner when it rushed its investigation into the Plaintiff's alleged conduct by denying the Plaintiff the opportunity to tell his side of the story.*

The Defendant acted in an arbitrary manner when they rushed their investigation into their investigation into the Plaintiff's alleged conduct by denying the Plaintiff the opportunity to tell his side of the story. Arbitrariness can be found where a college or university acts without giving notice and an opportunity to be heard. *Gleason* at 360. Here, when the Plaintiff stated that he would like to add to the report that Jane Doe was the aggressor, Dunnewold stated "I will take none of that." (Id. ¶ 162). Dunnewold said this without considering the plethora of evidence that Jane Doe was in fact the aggressor, "Jane Doe approached Plaintiff and introduced herself." (Am. Compl. [Docket No. 28]. ¶ 54). As Plaintiff and Jane Doe walked together, Jane Doe twice stopped Plaintiff and began kissing him. (Id. ¶¶ 63-66). "… Jane Doe suggested that they go to Plaintiff's dorm room, which was closer than hers." (Id. at 70). All of these statements indicate that Jane Doe was the aggressor. It was her idea to have a romantic relationship with the Plaintiff. Dunnewold refused to even allow Plaintiff tell his side of the story, let alone consider it. The Defendant failed to give the Plaintiff the opportunity to tell his story because Dunnewold failed to allow the Plaintiff to explain his recollection of the facts. The

Defendant's action of denying the Plaintiff the opportunity to tell his story should be construed as arbitrary.

The Defendant continued to ensure the Plaintiff would not be able to tell his side of the story by stating that he, "would not be able to introduce questions" or present witnesses. (Am. Compl. [Docket No. 28] ¶ 190-91). Additionally, The Plaintiff was not allowed to present any evidence besides the text conversations between himself and Jane Doe. (Id. ¶¶ 195-96). The Defendant failed to give the Plaintiff the opportunity to tell his story or present any evidence. The Court should treat this action as if the Defendant did not provide notice or any opportunity to be heard because the end result is the same, the Plaintiff was not allowed to provide any real defense or any evidence that could be seen in his favor. The Defendant should not be able to offer a fictitious opportunity to tell his version of events and receive the same result as if they allowed the Defendant a true opportunity to tell his story by allowing him to present evidence and explain what happened. This conduct must be deemed arbitrary. The Defendant arbitrarily rushed their investigation by preventing the Defendant from receiving the opportunity to tell his story.

   iii. *Carleton acted in an arbitrary manner when they rushed their investigation by expelling the Plaintiff on appeal for maintaining his innocence.*

Carleton acted in an arbitrary manner when they rushed their investigation by expelling the Plaintiff on appeal for maintaining his innocence. Dean Livingston rushed to a decision to expel the Plaintiff. Arbitrariness can be found where a college or university acts with prejudice or ill-will. *Gleason* at 360. A plaintiff must allege that the conduct was "capricious," "bad faith," "oppressive," that the college was "out to get

[him]" or that its proceedings "were the product of will, instead of judgment." *St. Thomas* at *3-*4. In *Rollins,* the court determined that the Defendant was not acting in bad faith. In that case Rollins (The Plaintiff), "was given notice of the hearing and the reasons for his suspension. He then had the opportunity to explain his actions at the February 8, 2000 disciplinary hearing. Moreover, [Rollins] was given opportunities after the hearing to present a proposal to CSU to allow him to join a new cohort group." *Rollins* in *Rollins v. Cardinal Stritch Univ.*, 626 N.W.2d 464, 470 (Minn. App. 2001). Unlike the case here Rollins was provided with opportunities to decided his own fate, it was not arbitrarily decided for him.  Here, Dean Livingston stated in her expulsion letter, "[t]he fact that [Plaintiff] continue[d] to assert that it was acceptable to engage in sexual activity with a person in [Jane Doe's] condition is deeply troubling and shows that [Plaintiff's] continued attendance at [Defendant college] would pose a danger not only to her, but other members of the community as well." (Am. Compl. [Docket No. 28] ¶ 209). Dean Livingston's reasoning for expelling the Plaintiff is that he maintained that he had not committed sexual assault. The decision on appeal was pre-determined, no matter what Plaintiff did he was going to be facing a severe penalty because Dean Livingston had already made up her mind. Dean Livingston rushed to an outcome before even consulting the evidence. Dean Livingston and the Defendant acted with ill-will and prejudice by expelling the Defendant for maintaining his innocence. Dean Livingston was "out to get [him]" and her 'judgment' was the "product of will, instead of judgment." *St. Thomas* at *3-*4. Carleton acted in an arbitrary manner when they rushed their investigation by expelling the Plaintiff on appeal for maintaining his innocence.

## II. THE PLAINTIFF HAS PRESENTED A CLAIM OF NEGLIGENCE THAT IS PLAUSIBLE ON ITS FACE BY SHOWING CARLETON ACTED IN AN ARBITRARY MANNER WHEN IT FAILED TO CONSIDER RELEVANT EVIDENCE.

Carleton failed to consider relevant social media and audio-visual evidence while conducting their investigation. Arbitrariness can be found where a college or university acts without gathering or considering evidence. *Gleason* at 360. Through the criminal discovery process, Plaintiff learned that Defendant had provided evidence to law enforcement which had not been included it in Defendant's Investigation Report or the materials provided to Plaintiff. (Id. ¶ 178). The evidence included: "[v]ideo evidence that contradicted Jane Doe's account of her physical state while awaiting EMT assistance;" "[a]udio evidence of Jane Doe's conversation with campus security;" and "[e]vidence that Jane Doe asked campus security if she would face discipline for underage drinking" and whether "she would not face discipline if it was part of a sexual assault claim." (Id.). Plaintiff also learned "[t]hat Security Director Romenesko's supplement was missing from the initial Security Report used at the school's hearing." (Id.). "Plaintiff was never notified of the existence of this evidence during the course of Defendant's proceedings against him." (Id. ¶ 179). The Defendant acted arbitrarily when it concealed and failed to consider relevant evidence.

Carleton College had predetermined that the Plaintiff was going to be the one to be punished for Jane Doe's and the Plaintiff's joint actions. Arbitrariness can be found where a college or university acts with prejudice or ill-will. Arbitrariness can also be found where a college or university acts without gathering or considering evidence.

8

*Gleason* at 360. Dean Livingston's comment shows that the outcome was predetermined, "the evidence showed that '[Jane Doe] was clearly incapacitated.'" (Am. Compl. [Docket No. 28] ¶ 209). The evidence also shows that the Plaintiff was "clearly incapacitated." The evidence indicates that the Plaintiff was sick and vomiting at the workout. (Id. ¶ 34) It is very probable that the Plaintiff had just as high of a blood alcohol level as Jane Doe and had similar mental capacity at the time of the incident. Neither Dean Livingston, Mary Dunnewold, nor the panel considered the fact that the Plaintiff was also intoxicated and vulnerable to sexual abuse. They selectively ignored this fact. The Defendant acted in an arbitrary manner by failing to consider this evidence. The Defendant's predetermination that the Plaintiff was going to be punished shows prejudice and ill-will.

It is arbitrary and capricious for the Defendant to predetermine and ignore evidence to ensure the Plaintiff would be the only party facing discipline when both parties were incapacitated and had similar mental capacities at the time of the incident. The proceedings were a product of will rather than judgment. *St. Thomas* at *3-*4. The Defendant acted arbitrarily when it failed to consider relevant evidence and acted with ill-will towards the Plaintiff.

## **CONCLUSION**

Plaintiff requests this court to deny defendant's motion to dismiss. The record shows that the Plaintiff has stated a claim to relief that is plausible on its face. The Defendant's actions are arbitrary and may not be construed otherwise on this motion to dismiss.

Dated: October 7, 2020                  **MCGRAW LAW FIRM, P.A.**

*/s/ Beau D. McGraw*
_____
Beau D. McGraw, I.D. No.: 31190X
Attorney for Plaintiff
10390 39th Street North, Suite 3
Lake Elmo, MN 55042
Telephone: (651) 209-3200
beau@mcgrawlawfirm.com