UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| Taariq Vanegas,<br><br>            Plaintiff,<br><br>vs.<br><br>Carleton College,<br><br>            Defendant. | Case No. 19-cv-01878-MJD-LIB<br><br>**DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR RECONSIDERATION OF THE COURT'S PARTIAL DENIAL OF ITS MOTION TO DISMISS** |

## ARGUMENT

Plaintiff Taariq Vanegas does not dispute that the Eighth Circuit's recent decision in *Doe v. University of St. Thomas* requires the Court to apply an arbitrariness standard in reviewing his negligence claim. (Pl. Br. 3). Plaintiff does not dispute that to meet the arbitrariness standard, he must allege that Carleton's actions were "capricious," "bad faith," "oppressive," that it was "out to get him" or that its proceedings "were the product of will, instead of judgment." (*Id.* at 6-7) (citing *Doe v. Univ. of St. Thomas*, No. 19-1594, 2020 WL 5079334 at *3-4 (8th Cir. Aug. 28, 2020)).

Plaintiff does not dispute that when Jane Doe filed a complaint of sexual misconduct against him, Carleton conducted a thorough investigation (Am. Compl. ¶¶ 159-62, Ex. 9); prepared a detailed investigation report, which he reviewed and responded to (*Id.* ¶ 185, Ex. 9 at 4-5); notified Plaintiff that the complaint would be heard by a panel and permitted him to object to individuals who would serve as decision-makers (*Id.* ¶ 184, Ex. 8 at 1); held a hearing where Plaintiff presented his side of the story, heard Jane Doe's, and had the opportunity to respond (*Id.* ¶¶ 194-199); considered

US.129693217.03

Plaintiff's appeal (*Id.* ¶¶ 204-05, 209, Ex. 11); and allowed Plaintiff to do all of this with the assistance of an attorney (*Id.* ¶¶ 160, 190). Indeed, these facts are drawn directly from his Amended Complaint and its exhibits.

In his brief in opposition to Carleton's motion, Plaintiff cites <u>no case</u> in which arbitrariness has been found where—as here—a plaintiff concedes that he had notice, an opportunity to be heard, the defendant gathered and considered evidence, and there are no allegations that it acted with prejudice or ill-will.

Instead, Plaintiff miscites, misconstrues, or manufactures allegations that do not exist in his Amended Complaint. For instance, Plaintiff claims Carleton failed to consider "a plethora of evidence that Jane Doe was in fact the aggressor" yet cites only his allegation that Jane Doe "approached Plaintiff and introduced herself." (Pl. Br. 5 *citing* Am. Compl. ¶ 54). Similarly, Plaintiff claims that Carleton "failed to give the Plaintiff the opportunity to tell his story" (Pl. Br. 6), evidently asking the Court to ignore the numerous instances described in his Amended Complaint where Plaintiff—with the assistance of counsel—provided his version of events,[1] presented evidence, challenged the charges against him, appeared live before Carleton's decision-makers, and submitted an appeal. (*See* Am. Compl. ¶¶ 160-62; 185; Exs. 8-11). Elsewhere, Plaintiff asserts for the first time that Carleton "withheld . . . statements of the ER doctor attesting to Jane

---

[1] Even seemingly innocent typos raise eyebrows. Plaintiff's brief quotes Carleton's investigator as telling him "I will take *none* of that" (Pl. Br. 5) when his Amended Complaint actually alleges she said "I will take *note* of that." (Am. Compl. ¶ 162) (emphasis added).

Doe's fully aware mental state." (Pl. Br. 4 *citing* Am. Compl. ¶ 178). No such allegations appear in the cited paragraph or anywhere else in the Amended Complaint.

Indeed, Plaintiff badly misconstrues his own allegations in an attempt to shoehorn the Amended Complaint into a legal standard it cannot fit. For example, Plaintiff claims in his brief that the appeal decision-maker, Dean Carolyn Livingston:

- "[R]ushed to a decision to expel [him]" (Pl. Br. 6);

- Did so because Plaintiff "maintained that he had not committed sexual assault" (*id.* at 7);

- Had "already made up her mind" to expel Plaintiff (*id.*);

- Did so without "consulting the evidence." (*id.*); and

- Acted "with ill-will and prejudice." (*id.*).

<u>Not one</u> of these assertions in Plaintiff's brief cites the Amended Complaint and <u>not one</u> of these assertions has any non-conclusory support in it. To the contrary:

- The Amended Complaint makes no factual allegations to support that Dean Livingston's decision was "rushed." (*See* Am. Compl. ¶¶ 1, 223).

- Dean Livingston concluded Plaintiff should be expelled not because he maintained his innocence, but because "he continue[d] to assert that it was acceptable to engage in sexual activity with a person in [Jane Doe's] condition" and his "continued attendance…would pose a danger not only to her, but other members of the community as well." (Am. Compl. ¶ 209).

- Nowhere in the Amended Complaint are there factual allegations to support that Dean Livingston's decision was pre-determined. Rather, in reaching that decision, she "carefully reviewed the materials relating to the appeals of the Community Board of Sexual Misconduct's…decision…" and found "that the alleged new information noted in [his] appeal was available at the time of the hearing and/or would not have substantially affected the CBSM's decision." (Am. Compl. Ex. 12).

3

- The Amended Complaint does not even contain conclusory allegations, let alone factual ones, that Dean Livingston was motivated by animus toward Plaintiff. (*see generally* Am. Compl. ¶ 209).[2]

It goes without saying that in deciding the instant motion, this Court must look to the allegations in Plaintiff's Amended Complaint as they are, not as he now wishes them to be. *Tuttle v. Lorillard Tobacco Co.*, 118 F. Supp. 2d 954, 959 (D. Minn. 2000) ("When considering a motion to dismiss, the Court looks only to the factual allegations in the complaint . . . allegations made in subsequent legal memoranda cannot correct inadequacies within a complaint."). The Court previously concluded that Plaintiff narrowly stated a single claim for negligence under a "reasonable care" standard. ECF No. 32 at 18-24; ECF No. 37 at 5. The scant allegations supporting that conclusion do not come close to meeting the higher arbitrariness standard set out by the Eighth Circuit in *St. Thomas*.

Stepping back, this lawsuit is about Plaintiff's belief that Carleton's disciplinary decision was incorrect. But that belief does not state a claim that Carleton acted arbitrarily, especially since the Amended Complaint shows Carleton made a reasonable decision based on an investigation, hearing, and disciplinary process that is nowhere alleged to have been motivated by prejudice or ill-will. *See Brown v. Wells*, 181 N.W.2d 708, 711 (Minn. 1970).

---

[2]   Indeed, Magistrate Judge Brisbois already found "Plaintiff has not provided any facts" in the Amended Complaint "suggesting that those involved in his adjudication process were actually biased against him." ECF No. 32 at 19.

Carleton respectfully asks the Court to reconsider its Order on Carleton's Motion to Dismiss and dismiss Plaintiff's Amended Complaint in its entirety and with prejudice.

FAEGRE DRINKER BIDDLE & REATH LLP

Dated:  October 14, 2020

*s/ Sean R. Somermeyer*
Sean R. Somermeyer, 391544
 Sean.Somermeyer@FaegreBD.com
Sara L. Lewenstein, 400160
 Sara.Lewenstein@FaegreBD.com
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN  55402
Telephone: (612) 766-7000

*Attorneys for Defendant Carleton College*