UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Taariq Vanegas,

    Plaintiff,

v.                                              **MEMORANDUM OPINION
                                                AND ORDER**
                                                Case No. 19-cv-1878  (MJD/LIB)

Carleton College,

    Defendant.

---

    Beau D. McGraw, McGraw Law Firm, P.A., Counsel for Plaintiff.

    Sara Lewenstein and Sean R. Somermeyer, Faegre Drinker Biddle & Reath LLP, Counsel for Defendant.

---

This matter is before the Court on Defendant Carleton College's ("Carleton") Motion for Reconsideration. (Doc. No. 47).

**I.   Background**

Briefly, during the 2017 spring semester, Plaintiff was a student at Carleton and was found in violation of the school's sexual misconduct policy.  Following an investigation into the charges and after a hearing before the Community Board of Sexual Misconduct ("CBSM"), the CBSM found that Plaintiff was

1

responsible for committing sexual misconduct, and ultimately, the decision was made to expel Plaintiff permanently.

Plaintiff brought this action alleging five causes of action: Declaratory Judgment that Carleton's disciplinary process violated Title IX and regulations thereunder; a claim under Title IX; and a claim under the Minnesota Human Rights Act alleging Plaintiff was subjected to harassment, discrimination and disparate treatment on the basis of race. (Doc. No. 28 (Amended Complaint).)

Carleton previously moved to dismiss all counts, and the motion was referred to Magistrate Judge Leo Brisbois.  Magistrate Judge Brisbois recommended that the motion be granted in all respects except for one narrow negligence claim.  Holding that under Minnesota law, a private university must use reasonable care before making disciplinary decisions, Magistrate Judge Brisbois found that Plaintiff plausibly alleged that Carleton breached its duty of reasonable care in the implementation of its Sexual Misconduct Policy (Doc. No. 32 (R&R at 24).)  Specifically, the Magistrate Judge found that the allegations that Carleton "allegedly conduct[ed] an unreasonably rushed investigation and hearing, it is plausible that Investigator Dunnewold and/or the CBSM panel

unreasonably failed to consider evidence that was favorable to Plaintiff.  (See, Am. Comp. ¶¶ 147-48, 178, 187-88, 224, 236)."  (Id.)

After conducting a de novo review of the record and carefully reviewing Carleton's objections pursuant to 28 U.S.C. § 636(b)(1); Local Rule 72.2(b), this Court adopted the Report and Recommendation in its entirety, and found that under Minnesota law, a private university must use reasonable care before making disciplinary decision.  (Doc. No. 37 (May 1, 2020 Order at 5).)

**II.  Motion for Reconsideration**

Reconsideration of a prior ruling is justified when there has been an intervening change in controlling law.  Gardner v. First Am. Title Ins. Co., 218 F.R.D. 216, 218 (D. Minn. 2003); Grozdanich v. Leisure Hills Health Center, Inc., 48 F. Supp. 2d 885, 888 (D. Minn. 1999).

Since the Court's decision on May 1, 2020, the Eighth Circuit Court of Appeals has held that a private university's disciplinary decision is subject to an arbitrary or capricious standard.  Doe v. Univ. of St. Thomas, 972 F.3d 1014 (8th Cir. 2020).  Based on this change in the law, Carleton asks the Court to revisit whether Plaintiff has stated a negligence claim under the heightened arbitrary and capricious standard.

### A.   Standard

In reviewing a motion to dismiss brought under Fed. R. Civ. P. 12(b)(6), this Court must find that the complaint contains enough factual matters, accepted as true, to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

This plausibility standard is met "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.  While this Court must take Plaintiff's factual allegation as true, this does not apply to legal conclusions or "formulaic recitation of the elements of a cause of action." Id.  Ultimately, evaluation of a complaint upon a motion to dismiss is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Braden v. Wal-Mart Stores, Inc., 588 F.3d 585, 594 (8th Cir. 2009) (quoting Iqbal, 556 U.S. at 679).

### B.   Whether Plaintiff has Sufficiently Alleged a Negligence Claim under the Arbitrary to Capricious Standard

"The Minnesota Supreme Court has long held that an 'action is arbitrary, oppressive, and unreasonable so that it represents [the agency's] will and not

4

[its] judgment.'  A university's decision may be arbitrary if the university violates its own procedures."  <u>Univ. of St. Thomas</u>, 972 F.3d at 1018 (internal citations omitted).

Plaintiff argues the Court should deny Carleton's Motion for Reconsideration because he has sufficiently alleged facts to allow a fact finder to determine that Carleton acted arbitrarily in this matter.  Plaintiff argues Carleton acted in an arbitrary manner when it rushed its investigation into the Plaintiff's alleged conduct by (1) mishandling and concealing evidence; (2) denying Plaintiff the opportunity to tell his side of the story; and (3) expelling Plaintiff on appeal for maintaining his innocence.  Plaintiff further claims that Carleton acted in an arbitrary manner when it failed to consider relevant evidence.

For purposes of deciding a motion to dismiss under Rule 12(b)(6), the Court finds that Plaintiff has sufficiently stated a claim that Carleton acted arbitrarily in this matter.  Accordingly, the Court will deny Carleton's motion for reconsideration.

**IT IS HEREBY ORDERED** that Defendant Carleton College's Motion for Reconsideration (Doc. No. 47) is **DENIED**.

Date:  November 18, 2020

                                            s/ Michael J. Davis
                                            Michael J. Davis
                                            United States District Court