UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Taariq Vanegas, | Case No. 19-cv-1878 (MJD/JFD) |
| Plaintiff, | |
| v. | **ORDER** |
| Carleton College, | |
| Defendant. | |

This matter is before the Court on Plaintiff Taariq Vanegas's Motion for Leave to File Second Amended Verified Complaint (Dkt. No. 102). The Court denies the motion pursuant to Federal Rule of Civil Procedure 16(b)(4) and District of Minnesota Local Rule 16.3. The motion was not timely under the pretrial schedule, Plaintiff neither moved to modify the pretrial schedule nor showed good cause for a modification of the pretrial schedule, and Plaintiff did not explain the proposed modification's effect on other deadlines.

**I.   Background**

Plaintiff Taariq Vanegas initiated this action on July 17, 2019, bringing five claims against Defendant Carleton College.[1] Count I sought a declaratory judgment that Defendant's student disciplinary process violated Title IX of the Education Amendments

---

[1] The First Amended Verified Complaint ("FAVC") is the operative pleading. (Dkt. No. 28.) Plaintiff filed the FAVC after his motion to proceed using a pseudonym was denied, and the only alteration between the original complaint and the FAVC was the substitution of his true name for the pseudonym. (*See* Dkt. Nos. 1, 27, 28.)

of 1972, 20 U.S.C. §§ 1681–88. Count II claimed a violation of Title IX, specifically, an "erroneous outcome from a flawed proceeding," based on alleged gender bias and improper process. Count III alleged a negligence claim. Count IV asserted a race discrimination claim in violation of Title IV, 42 U.S.C. § 2000d, and Count V alleged a race discrimination claim under the Minnesota Human Rights Act, Minn. Stat. § 363.13. The five claims arose from disciplinary proceedings for sexual misconduct instituted against Plaintiff by Defendant in 2017. (*See* Order at 2, May 1, 2020 (Dkt. No. 37).) Defendant found Plaintiff responsible for sexual misconduct and expelled him. (*Id.*)

Defendant filed a motion to dismiss the FAVC on September 20, 2019 (Dkt. No. 17), and the motion was referred to U.S. Magistrate Judge Leo I. Brisbois, who was assigned to the case at that time. In a Report and Recommendation ("R&R") dated February 10, 2020, Judge Brisbois recommended that the declaratory judgment claim be dismissed with prejudice, the Title IX and race discrimination claims be dismissed without prejudice, and all but one aspect of the negligence claim be dismissed without prejudice. (Dkt. No. 32.) Judge Brisbois divided the negligence claim into three categories—bias, deficiencies in Carleton's Sexual Misconduct Policy, and failure to reasonably implement the Sexual Misconduct Policy—only the last of which survived the motion to dismiss.

Judge Davis adopted the R&R on May 1, 2020. (Dkt. No. 37.) As Magistrate Judge Brisbois had recommended, Judge Davis dismissed with prejudice the declaratory judgment claim and dismissed without prejudice the Title IX claim, the race discrimination claims, and two of the three aspects of the negligence claim. (Order at 6 (Dkt. No. 37).) The only claim now remaining in the case is "Plaintiff's claim that Defendant was negligent

2

in the timing of the investigation and the failure to include or consider some evidence favorable to Plaintiff in implementing the Sexual Misconduct Policy." (*Id.*) Judge Davis later clarified that Defendant's actions were "subject to an arbitrary or capricious standard," consistent with *Doe v. University of St. Thomas*, 972 F.3d 1014 (8th Cir. 2020). (Order at 3, Nov. 18, 2020 (Dkt. No. 55).)

A pretrial scheduling order was issued on July 13, 2020. (Dkt. No. 43.) The deadline for motions seeking leave to amend a pleading was October 1, 2020. The deadline for the completion of all discovery was April 15, 2021. The deadline for nondispositive motions (other than motions seeking leave to amend a pleading) was May 15, 2021. The dispositive motion deadline was June 15, 2021. No party sought to amend a pleading on or before October 1, 2020, and the parties timely completed discovery.

The litigation of this case is fairly advanced. Both parties filed motions for summary judgment on June 15, 2021, and summary judgment briefing was complete on July 27, 2021. A hearing on the cross-motions for summary judgment is scheduled on November 9, 2021.

On August 9, 2021, Plaintiff filed the instant motion, seeking leave to file an amended complaint pursuant to Federal Rule of Civil Procedure 15. Plaintiff did not acknowledge or seek leave to modify the pretrial schedule's deadline of October 1, 2020 for such motions.

Through the proposed Second Amended Verified Complaint ("SAVC"), Plaintiff seeks to reallege the Title IX claim and the full negligence claim. With respect to the Title IX claim, Plaintiff contends he can allege clear discrimination based on gender. He also

claims the Eighth Circuit's opinions in *Doe v. University of Arkansas-Fayetteville*, 974 F.3d 858 (8th Cir. 2020), and *Does v. Regents of the University of Minnesota*, 999 F.3d 571 (8th Cir. 2021), provide justification for resurrecting his Title IX claim. With respect to the negligence claim, Plaintiff seeks to allege negligence based on the Carleton administration's "'arbitrary' conduct and violation of its own policies and procedures." (Pl.'s Mot. at 2 (Dkt. No. 102).)

## II.     Legal Standards

Leave to amend a pleading is ordinarily governed by Federal Rule of Civil Procedure 15(a)(2), which provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." The right to amend is not absolute. *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 715 (8th Cir. 2008). Leave to amend may be denied for "compelling reasons such as undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment." *Id.* (citing *Moses.com Sec., Inc. v. Comprehensive Software Sys., Inc.*, 406 F.3d 1052, 1065 (8th Cir. 2005)).

Rule 15(a)(2) is not the primary authority governing Plaintiff's motion, however, because the deadline for motions to amend pleadings expired on October 1, 2020. It is well settled that when "a party files for leave to amend outside of the court's scheduling order, the party must show cause to modify the schedule" pursuant to Rule 16(b). *Popoalii v. Corr. Med. Servs.*, 512 F.3d 488, 497 (8th Cir. 2008); *Sherman*, 532 F.3d at 716 ("The interplay between Rule 15(a) and Rule 16(b) is settled in this circuit."). Rule 16(b)(4)'s

4

good-cause standard takes primacy over Rule 15(a)(2)'s more liberal "in the interests of justice" standard. *See Sherman*, 532 F.3d at 716. The Rule 15 and Rule 16 inquiries are distinct, and "Rule 16(b)(4) must be addressed first, as it resolves whether the scheduling order should be modified" in the first place to open the door to the Rule 15 motion. *Shank v. Carleton Coll.*, 329 F.R.D. 610, 614 (D. Minn. 2019). Thus, a plaintiff must establish good cause to modify the scheduling order under Rule 16 before the Court can assess whether the complaint may be amended under Rule 15. *Id.*

Rule 16(b)(4) provides that a pretrial "schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "The primary measure of good cause is the movant's diligence in attempting to meet the order's requirements." *Rahn v. Hawkins*, 464 F.3d 813, 822 (8th Cir. 2006). "Good cause may be shown by pointing to a change in the law, newly discovered facts, or another significant changed circumstance that requires amendment of a party's pleading." *Ellingsworth v. Vermeer Mfg. Co.*, 949 F.3d 1097, 1100 (8th Cir. 2020). Rule 16(b)(4)'s good-cause standard is "more stringent" than Rule 15's leave-to-amend standard. *Shank*, 329 F.R.D. at 613. The "exacting" good cause standard "demands a demonstration that the existing schedule 'cannot reasonably be met despite the diligence of the party seeking the extension.'" *Archer Daniels Midland Co. v. Aon Risk Servs., Inc. of Minn.*, 187 F.R.D. 578, 581–82 (D. Minn. 1999) (quotation omitted); Fed R. Civ. P. 16(b) advisory committee's note to 1983 amendment ("[T]he court may modify the schedule on a showing of good cause if it cannot reasonably be met despite the diligence of the party seeking the extension."). "Because scheduling orders are 'a vehicle designed to streamline the flow of litigation through [the Court's] crowded docket,'

the Court does not take such orders lightly, and where good cause to modify has not been shown, 'will enforce them.'" *Shukh v. Seagate Tech., LLC*, Civ. No. 10-404 (JRT/JJK), 2013 WL 53835 (D. Minn. Jan. 3, 2013) (*quoting Bradford v. DANA Corp.*, 249 F.3d 807, 809 (8th Cir. 2001)) (modification in *Shukh*). As with other scheduling matters, the good cause showing "falls within the magistrate judge's broad discretion." *Shank*, 329 F.R.D. at 614.

District of Minnesota Local Rule 16.3 also governs modifications to a scheduling order. A party who seeks to modify a scheduling order must not only "establish good cause for the proposed modification" but also "explain the proposed modification's effect on any deadlines." D. Minn. LR 16.3(b).

**III.    Discussion**

    **A.    Plaintiff's Motion Is Not Timely Under the Pretrial Schedule**

The deadline for motions seeking leave to amend pleadings was October 1, 2020. Plaintiff filed his motion to amend nearly ten months later, on August 9, 2021. Therefore, Plaintiff's motion is not timely. Plaintiff does not acknowledge the deadline in his motion papers. Rather, he argues in his motion papers—and maintained at the motion hearing—that he only needs to meet Rule 15(a)'s liberal standard for amendment. Plaintiff is mistaken. "A magistrate judge's scheduling order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." *Archer Daniels*, 187 F.R.D. at 582 (cleaned up). Because Plaintiff seeks leave to amend after the deadline, he must first show good cause to modify the deadline. *See Popoalii*, 512 F.3d at 497.

### B. Plaintiff Did Not Move to Modify the Pretrial Schedule

But Plaintiff has not asked to modify the October 1, 2020 deadline. Indeed, at the motion hearing, Plaintiff's counsel represented he did not even believe the scheduling order needed to be amended. This Court's pretrial scheduling order states, however, that a motion to amend the pleadings, like the one filed by Plaintiff and now before the Court, needed to be filed no later than ten months ago, by October 1, 2020. Thus, in order for his motion for leave to amend to be considered, Plaintiff had to seek and obtain leave to modify the pretrial schedule. Plaintiff's failure to do so demonstrates a degree of carelessness that is not compatible with diligence. "It hardly bears mention . . . that carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Archer Daniels*, 187 F.R.D. at 582 (quoting *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992)) (cleaned up).

### C. Plaintiff Has Not Shown Good Cause to Modify the Pretrial Schedule

Even though Plaintiff has not moved to modify the pretrial schedule, the Court has considered whether there is good cause to do so.

#### 1. The Title IX Claim

In Plaintiff's memorandum filed in support of his motion, Plaintiff's counsel explains he was "prompted" to seek leave to amend based on *Doe v. University of Arkansas-Fayetteville*, 974 F.3d 858 (8th Cir. 2020), and *Does v. Regents of the University of Minnesota*, 999 F.3d 571 (8th Cir. 2021). (Pl.'s Mem. Supp. at 2 (Dkt. No. 103).) *University of Arkansas-Fayetteville* was issued on September 4, 2020, and *University of Minnesota* on June 1, 2021. Plaintiff asserts that in those cases the Eighth Circuit held that

7

a plaintiff plausibly alleges a violation of Title IX if (1) the collegiate disciplinary body increased sanctions against the accused student without a plausible explanation, thereby giving rise to an inference of bias; and (2) the educational institution's actions were due in part to significant external or media pressure over its treatment of sexual misconduct complaints. (Pl.'s Mem. Supp. at 6–8.) Accepting Plaintiff's characterization of the holdings of these two cases as correct, Plaintiff still did not act diligently in seeking leave to amend.

At the hearing on his motion to amend, Plaintiff's counsel said, for the first time in connection with the motion to amend, that the day before fact discovery closed, April 14, 2021, he deposed Defendant's Dean of Students and learned in that deposition of a meeting between "Jane Doe" (the complainant in the sexual misconduct disciplinary proceedings) and Defendant's Dean of Students on the subject of what Plaintiff's counsel characterized as a "media blitz" Jane Doe allegedly was orchestrating concerning the sexual misconduct allegations.[2] Plaintiff's counsel then stated, again for the first time in connection with the

---

[2] In his original Complaint, filed on July 17, 2019, Plaintiff alleged that Jane Doe had published an article in an unofficial Carleton College publication, "CLAP," about the alleged sexual misconduct. (Compl. ¶¶ 192–93 (Dkt. No. 1).) A review of the transcript of Plaintiff's deposition of the Dean of Students, which was submitted in support of Plaintiff's motion for summary judgment (McGraw Decl. Ex. 9 (Dkt. No. 75-9)), indicates that the article Jane Doe planned to write is the same "media blitz" to which Plaintiff now refers and relies on as good cause for seeking leave to amend. As described in more detail in the main body of this Order, the deposition transcript shows that the article was not about the alleged sexual assault, but about the hazing incident that preceded the alleged sexual assault. As to other media pressure, Plaintiff lists in a footnote to his SAVC five media reports by title and date. (Dkt. No. 103 at 13 n.1.) From the titles of four of the five reports, they appear to refer to the hazing incident during which Jane Doe allegedly became intoxicated. Those four news items were published or aired on May 21 or 22, 2017. Only one article concerns the sexual assault allegations, and was published on July 20, 2017. All

8

motion before the Court, that he did not file his motion to amend immediately after the deposition, because it was only on June 1, 2021, when the Eighth Circuit issued *University of Minnesota* that he realized the earlier *University of Arkansas-Fayetteville* case was not "an outlier." But Plaintiff did not mention the meeting between Jane Doe and the Dean of Students in his motion for leave to file an amended complaint, nor did he include any new allegations about the meeting in the SAVC.

In Plaintiff's deposition of the Dean of Students, Plaintiff's counsel asked the Dean several times about her meeting with Jane Doe. Each time she was questioned, the Dean clarified that she met with Jane Doe only about her plans to write an article for an unofficial, Carleton-oriented publication called "CLAP" about the hazing incident in which she became intoxicated before allegedly being sexually assaulted by Plaintiff. (McGraw Decl. Ex. 9 at 25, 27, 46, 50 (Dkt. No. 75-9).) The Dean consistently declined to accept Plaintiff's counsel's characterization of the subject of the meeting as being the sexual assault allegations or the disciplinary proceedings. *Id*.

In sum, Plaintiff's proposed new allegations of public pressure are premised upon news items that were published or aired several years before this lawsuit was filed; the Dean of Students testified that she had not met with Jane Doe about the sexual assault allegations but about Jane Doe's plans to write an article about the hazing incident that preceded the alleged sexual assault; Plaintiff had known since July of 2019 that Jane Doe

---

of these reports, therefore, were known to Plaintiff's counsel at the time this lawsuit was filed. The CLAP article that Jane Doe wrote does not appear to have been made part of the record of this case and was certainly not submitted in support of Plaintiff's motion for leave to amend the complaint.

had written an article for CLAP (Compl. ¶¶ 192–93 (Dkt. No. 1)); and Plaintiff did not include new allegations about the meeting between Jane Doe and the Dean of Students in any of his filings concerning his motion to amend the pleadings. Thus, the Court finds that April 14, 2021, the date the Dean of Students was deposed, is not the operative date for assessing Plaintiff's diligence, and the April 14, 2021 deposition testimony does not provide good cause to modify the pretrial schedule.

Nor is the operative date June 1, 2021, when *University of Minnesota* was issued by the Eighth Circuit. In arriving at this determination, the Court is mindful of *University of Arkansas-Fayetteville*, which was decided on September 4, 2020. There is no dispute that Plaintiff's counsel first informed Defendant's counsel on or about June 15, 2021, approximately ten months after *University of Arkansas-Fayetteville* was decided, that he intended to move to amend his complaint.[3] Plaintiff's counsel explained at the motion hearing that it took *University of Minnesota* to show him that *University of Arkansas-Fayetteville* was not an "outlier," and he conceded that *University of Arkansas-Fayetteville* had provided "some guidance" on what was needed to plead a viable Title IX claim. With respect to counsel's first point, that is not a reasonable understanding of the law. There is simply no requirement that an appellate court's opinion be ratified by a subsequent decision before becoming precedential. *University of Arkansas-Fayetteville* was the law on the day

---

[3] On August 24, 2021, Plaintiff's counsel filed a letter concerning the chronology of the motion for leave to amend. (Dkt. No. 114.) Plaintiff's counsel neither requested nor received permission to file the letter, and the Court considers the record closed when the motion was taken under advisement at the end of the motion hearing. Therefore, the Court has not considered the letter in deciding the motion for leave to amend.

10

it was issued. And even if the Court were to agree with Plaintiff that he needed the facts from the deposition of the Dean of Students before he could perceive the relevance of *University of Arkansas-Fayetteville* to this case, the deposition of the Dean of Students took place two months before Plaintiff broached the subject of a motion to amend the complaint with opposing counsel, two months before the dispositive motion deadline, and four months before the motion to amend was filed.

The operative date for assessing Plaintiff's diligence is therefore the issuance date of the Eighth Circuit's *University of Arkansas-Fayetteville* decision, September 4, 2020. Plaintiff's counsel acknowledged at the motion hearing his belief that *University of Arkansas-Fayetteville* opened the door to reviving the dismissed Title IX claim, but he has not explained why he waited from September 4, 2020 until June 15, 2021 to alert Defendant's counsel to his intention to move to amend the pleadings, or why he did not seek to extend the deadline for motions to amend pleadings. Accordingly, the Court concludes Plaintiff was not diligent and has not shown good cause to modify the pretrial scheduling order.

### 2. The Negligence Claim

Neither *University of Arkansas-Fayetteville* nor *University of Minnesota* concerned a negligence claim. Thus, neither case could have prompted Plaintiff's proposal to re-allege his two dismissed negligence theories.

Plaintiff argues that additional facts were revealed during discovery that make the negligence claim plausible. Plaintiff did not describe in detail or submit as exhibits any such discovery, however, with his motion papers. He simply lists the discovery as, among

11

other things, destroyed audio recordings, withheld exculpatory evidence, a meeting between the Title IX investigator and the adjudication panel before the disciplinary hearing, the decision to charge Plaintiff "without any applicable burden of proof," the denial of Plaintiff's appeal without an applicable standard of review, and the expulsion of Plaintiff. Most, if not all, of these allegations have been known to Plaintiff since the lawsuit was commenced. Consequently, Plaintiff has not shown that recently obtained discovery provides good cause to modify the pretrial schedule.

### D. Plaintiff Did Not Explain the Effect of Any Modification on Other Deadlines

In addition to Plaintiff's lack of diligence, his failure to explain the effect of a modified deadline to amend the pleadings on other deadlines weighs against allowing amendment of the complaint. District of Minnesota Local Rule 16.3 requires a party seeking to modify the pretrial schedule to show not only good cause but also how the modification will affect other deadlines. Here, a modification of the deadline for amended pleadings would affect the expired deadlines for fact discovery and dispositive motions—which are already fully briefed—as well as the imminent trial-ready date of October 21, 2021.

Recently, in *Axline v. 3M Co.*, No. 19-1180, 2021 WL 3411822, --- F.4th ---- (8th Cir. Aug. 5, 2021), the Eighth Circuit determined that a magistrate judge properly denied a motion to amend for failure to comply with a local rule, specifically, Local Rule 15.1. *Id.* at *6. The plaintiff "twice failed to comply" with the rule, and "[h]er failures in this regard provided sufficient grounds for the district court to deny her motion for leave to amend."

*Id.* The magistrate judge did not base the denial solely on Local Rule 15.1; the magistrate judge also cited the plaintiff's undue delay and futility. *Id.* But the Eighth Circuit left no room for doubt that a plaintiff's failure to comply with a local rule was an adequate basis to deny leave to amend. Here, though Plaintiff's failure to comply with Local Rule 16.3 alone would warrant the Court exercising its discretion to deny the motion to amend, the Court considers Plaintiff's noncompliance with Local Rule 16.3 only as part of the good-cause calculus.

### IV.   Conclusion

Accordingly, based on all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Plaintiff Taariq Vanegas's Motion for Leave to File Second Amended Verified Complaint (Dkt. No. 102) is **DENIED**.

Dated: September 1, 2021            *s/ John F. Docherty*
　　　　　　　　　　　　　　　　　JOHN F. DOCHERTY
　　　　　　　　　　　　　　　　　United States Magistrate Judge