

January 3, 2022

<u>**VIA ECF**</u>

The Honorable Michael J. Davis
Sr. U.S. District Judge, District of Minnesota
Courtroom 13E – United States District Court
300 South Fourth Street
Minneapolis, MN 55415

Re:     <u>*Vanegas v. Carleton College*</u> – Case No. 19-cv-1878

Dear Judge Davis:

In accordance with L.R. 7.1(j), Defendant Carleton College submits this letter in opposition to Plaintiff's request (ECF No. 125) to file a motion to reconsider the Court's Order granting summary judgment to Carleton (ECF No. 123).

Plaintiff must establish "compelling circumstances" to justify a motion to reconsider. L.R. 7.1(j). Such motions "serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Hagerman v. Yukon Energy Corp.*, 839 F.2d 407, 414 (8th Cir. 1988).

Plaintiff identifies no manifest errors of law, no newly discovered evidence, nor anything else remotely compelling. Instead, Plaintiff makes arguments that he could have and should have made in his summary judgment briefing. This does not warrant a motion to reconsider. *Fuller v. Hafoka*, 2020 WL 5350270, at *1 (D. Minn. Sept. 4, 2020) (no compelling circumstances exist where "Plaintiff is not raising any matter that <u>was not or could not have been</u> addressed in his [prior] briefing . . . .") (emphasis added); *Kolosky v. State of Minn.*, 2006 WL 1314301 at *1 (D. Minn. May 11, 2006) (L.R. 7.1(j) is not a vehicle for "a second bite at the apple"). For this reason alone, Plaintiff's request should be denied.

Plaintiff's request is also baseless on the merits. First, his claim that "the Court was led into error by Carleton's brief (and counsel's Declaration)" is nonsense. The Court had before it Dean Livingston's deposition testimony relating to the Executive Authority provision of Carleton's policy. She testified that she verbally told the President of her decision to expel Plaintiff and the President responded "Okay." (ECF No. 80 at 95:25-96:1, 97:3-97:5.) The Court cited to Dean Livingston's deposition testimony—not to Carleton's brief or declaration of its counsel—in finding Dean Livingston "obtained the President's consent before expelling Plaintiff" and that "Plaintiff has provided no evidence to refute this testimony." (ECF No. 123 at 35.) It did not rely on Carleton's brief or any declaration of counsel.

Second, Plaintiff's singular focus on the President's response to Dean Livingston misses the forest for the trees. It is Plaintiff's burden to prove that he was expelled arbitrarily, and Plaintiff cites no authority for the notion that the issues raised in his reconsideration request should change the Court's thorough summary judgment analysis on the overall arbitrariness issue. (*See* ECF No. 123 at 20.) One of the many ways Plaintiff attempted—and failed—to meet his burden was to argue that the Executive Authority provision was not followed. As the Court noted, Plaintiff offered no evidence to support this argument.

For its part, Carleton presented unrefuted evidence that the Executive Authority provision <u>was</u> followed. For starters, Dean Livingston testified, consistent with the language of the Executive Authority provision, that she was a "designee" of the President who was empowered to "expel, suspend, or otherwise take action" with respect to Plaintiff. (ECF No. 123 at 35 (quoting Executive Authority provision)); (ECF No. 80 at 98:19-99:6 (Dean Livingston testimony)); (ECF No. 80-3 at 10-11 (sexual misconduct policy stating expulsion as potential sanction and empowering appeal adjudicator to adjust sanctions).) Accordingly, she had the authority to expel Plaintiff as the President's "designee."

Dean Livingston's testimony that she told the President she was going to expel Plaintiff is further proof that Carleton followed the provision. She testified that she talked to the President and believed she had his consent. This same testimony could be offered at trial with no hearsay problem. Further, the President's statement ("Okay") is not being offered "to prove the truth of the matter asserted in the statement." *See* Fed. R. Evid. 801(c)(2).

Plaintiff filed 75 pages of briefing at the summary judgment stage and the Court heard oral argument. (*See* ECF Nos. 73, 95, 98.) In his final brief, Plaintiff stated he would not further "burden this Court" and had "clearly provided the facts of this case and the applicable law in previous filings." (ECF 98 at 4.)

That Plaintiff, having lost at summary judgment, wants to rehash this issue does not amount to "compelling circumstances." L.R. 7.1(j); *see Fuller*, 2020 WL 5350270 at *1. Plaintiff had the opportunity and the obligation to present all of his arguments at summary judgment and his request to file a motion to reconsider should be denied.

Very truly yours,

*Sean R. Somermeyer*

Sean R. Somermeyer